IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>HURRICANE SANDY WYO<br>CARRIER FLOOD LITIGATION | **Master Docket**<br><br>1:15-mc-800 (JBS)<br><br>**ORDER EXTENDING<br>TEMPORARY STAY** |

This matter comes before the Court upon the Court's own initiative, and upon recommendation of the Court's Hurricane Sandy Litigation Committee.

It appearing that there is good cause to extend the Temporary Stay, entered herein on May 13, 2015 for the purpose of enabling the continuation of intensive negotiation and settlement efforts in Sandy flood cases in this Court in which a Write-Your-Own ("WYO") insurance carrier under the National Flood Insurance Program ("NFIP") is a defendant; and

The Court noting that, as of July 2, 2015, a total of 22 NFIP Direct lawsuits and 322 WYO Flood lawsuits have been reported settled, and that FEMA and its WYO carriers have the goal of resolving the approximately 500 claims remaining in litigation by September 30, 2015; and

It further appearing that enlarging the temporary stay of such cases pending settlement efforts is warranted to conserve

time and resources of the litigants, the Court, the arbitrators and mediators; and

Consistent with Standing Order 14-2 ("In Re: Hurricane Sandy Cases") dated March 24, 2014; and for good cause;

IT IS on this ___9ᵗ͟ʰ___ day of **July, 2015** hereby **ORDERED**:

1.  That further litigation of all WYO Carrier Cases is hereby **TEMPORARILY STAYED** for an additional sixty (60) days through **September 12, 2015** and until further Order of this Court;

2.  That all scheduled conferences, hearings, arbitrations, mediations, and trials in WYO Carrier Cases are hereby cancelled and postponed pending this Temporary Stay;

3.  That any party seeking relief from this Temporary Stay may apply to the assigned judge in the individual WYO Carrier Case and show good cause; further, if settlement efforts are at an impasse, either party should request that the stay be lifted so that the case can proceed to trial or dispositive motion practice;

4.  That nothing herein precludes a party from requesting or furnishing documents or other evidence in aid of settlement negotiation and consummation;

5.  That upon reaching a settlement, counsel shall report same by filing a notice of settlement upon the docket of the

2

individual case, requesting entry of an Order closing that docket under L. Civ. R. 41.1(b); and

6.    That the United States Attorney's Office is requested to continue to file a summary report of settlement efforts and results for WYO Carrier Flood Cases every fourteen (14) days, the next report being due July 17, 2015.


_____
JEROME B. SIMANDLE
Chief U.S. District Judge